UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LUAN VICTOR RIBEIRO,<br>    Petitioner,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as U.S. Attorney General; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; TODD M. LYONS, in his official capacity as Senior Official Performing the Duties of the director of U.S. Immigration and Customs Enforcement; WYATT DETENTION CENTER, Central Falls, Rhode Island,<br>    Respondents. | C.A. No. 25-cv-682-MRD-PAS |

## ORDER DENYING WRIT OF HABEAS CORPUS

Before the Court is Petitioner Luan Victor Ribeiro's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 12. Petitioner claims that his detention is violating his First Amendment rights because the immigration court denied bond as a punishment for Petitioner's online speech, and Fifth Amendment rights because he has been detained since September 2025. *Id.* The Court has reviewed the Respondents' Response to the Amended Petition, ECF No. 13 (incorporating by reference their response to the initial petition, *see* ECF No. 5), and the case law relevant to the arguments before the Court. Respondents counterargue that (1) this Court lacks subject matter jurisdiction over the Amended Petition because Ribeiro has not exhausted his administrative remedies pertaining to some of his claims (*i.e.*, his appeal from the denial of bond remains pending at the BIA), (2) Petitioner's length of detention is not prolonged and is justified for the reasons the immigration court denied bond at the September 2025 hearing, and (3) Petitioner's medical needs have either been addressed or are no longer urgent. *See* ECF Nos. 5, 13.

      The Court is denying the Petition (as amended) for the following reasons. First, the Court notes that Petitioner's appeal from the denial of bond is currently pending at the Board of Immigration Appeals. In his petitions, Petitioner is challenging the immigration court's determinations that he is both a danger to the community and a flight risk and takes issue with the evidence on which the immigration court relied when it denied Petitioner's request for bond on the merits. But Petitioner does not suggest any fundamental defects in the bond hearing adjudication itself. *Cf. I.G.S. v. Nessinger*, C.A. No. 25-cv-339, Sep. 12, 2025 Order (ECF No. 24). Simply put (and as the parties acknowledge), this Court lacks jurisdiction to review the administrative tribunal's discretionary decision. Second, there is no firm outer limit on the length of detention that is deemed constitutionally permissible. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). There is no indication on this record that Petitioner's status as detained since September 2025 has crossed the threshold to unconstitutional length, especially because the Petitioner was denied bond on the merits and his appeal of the immigration court's decision is still pending. Third, it is the Court's understanding that Respondents have been in touch with Petitioner's counsel at least twice regarding the Petitioner's medical concerns and is prepared to facilitate the coordination of medical care if Petitioner has lingering urgent needs.

      The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED without prejudice.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

2/2/2026